IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MARSHA M. HULL,                    )
                                   )
                    Plaintiff,     )     **CIVIL ACTION**
                                   )
v.                                 )     No. 05-1313-MLB
                                   )
INTERNATIONAL TRUCK AND            )
ENGINE CORPORATION,                )
                                   )
                    Defendant.     )
_____)

<u>**MEMORANDUM AND ORDER**</u>

Before the court is defendant's opposition to plaintiff's informal motion to dismiss without prejudice and concurrent motion to dismiss with prejudice. (Doc. 13.) Plaintiff filed a response. (Doc. 15.) For the reasons stated herein, plaintiff's motion to dismiss without prejudice is GRANTED.

This is a products liability action filed on October 13, 2005 by counsel on behalf of plaintiff Marsha Hull. (Doc. 1.) On January 5, 2006, following a scheduling conference with the parties, the court entered its initial scheduling order. (Doc. 5.) On February 15, 2006, defendant served its Rule 26(a)(1) disclosures to plaintiff. (Doc. 6.) On May 10, 2006, plaintiff's counsel filed a motion to withdraw (Doc. 9), which was granted by the court on June 27, 2006 after plaintiff's counsel complied with procedural requirements for notifying plaintiff (Doc. 11). At the same time the court granted plaintiff counsel's motion to withdraw, the court suspended all deadlines which had not already expired, gave plaintiff until August 21, 2006 to retain new counsel, and scheduled a status conference for

August 28, 2006.

Shortly before the scheduling conference, the court received a Journal Entry of Dismissal Without Prejudice signed by plaintiff, pro se. The journal entry did not contain the approval of counsel for defendant, nor did it show that it had been mailed or otherwise delivered to defendant's counsel. On August, 28, 2006, plaintiff did not appear at the scheduling conference and the court was unable to contact her at the telephone number shown on the docket sheet.

The court treated the proffered journal entry as an informal motion by plaintiff to dismiss the case without prejudice. (Doc. 12.) Defendant filed the motion presently before the court in opposition and concurrently moved to dismiss with prejudice for failure to prosecute. (Doc. 13.) Plaintiff filed a response on September 7, 2006. (Doc. 15.) Plaintiff informs the court that she has been out of the state for the preceding four months seeking medical treatment for her husband's illness. Plaintiff states she did not return home until the end of August and during the time she was away she "received no mail." Plaintiff's response states that until she received defendant's motion, she "felt as though things were still on the agenda until I could seek counsel."

The court notes plaintiff is no longer represented by counsel. It has long been the rule that pro se pleadings must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp. 2d 1235, 1237 (D. Kan. 1998). Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See id. at 1110. Plaintiff, despite her pro se status, is expected to adhere

-2-

to the same rules of procedure that govern any other litigant in this district.  See Hall, 935 F.2d at 1110; Hill, 14 F. Supp. 2d at 1237. The Federal Rules of Civil Procedure permit a court to dismiss an action without prejudice "upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, but "absent legal prejudice to the defendant, the district court normally should grant such a dismissal."  Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).  The Tenth Circuit recently discussed the term "legal prejudice" and stated:

> Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice. Rather, prejudice is a function of other, practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation.  These factors are neither exhaustive not conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. And, in reaching its conclusion, the court should endeavor to insure substantial justice is afforded both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff.

Brown v. Blake, 413 F.3d 1121, 1124 (10th Cir. 2005) (internal quotations and citations omitted).

The court finds no legal prejudice to defendant would result if this case is dismissed without prejudice.  Defendant has not put forth significant expenditures preparing this case for trial and no discovery has been completed.  While it is true that plaintiff filed her case nearly one year ago, the intervening circumstance of the withdrawal of her counsel has caused her delay in prosecution. Further, plaintiff has been unavailable because of family illness, not

-3-

because of a lack of diligence.  Neither the court nor defendant will be burdened by a dismissal without prejudice in this case.

Plaintiff's claim is dismissed without prejudice and defendant's motion to dismiss with prejudice is DENIED.  A motion for reconsideration of this order is not encouraged.  Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this 25th  day of September 2006, at Wichita, Kansas.

S/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-4-